**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ESI/EMPLOYEE SOLUTIONS, LP, and HAGAN LAW GROUP LLC; | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| CITY OF DALLAS; ERIC JOHNSON, in his official capacity as Mayor of the City of Dallas; T.C. BROADNAX, in his official capacity as City Manager of the City of Dallas; and BEVERLY DAVIS, in her official capacity as Director of the City of Dallas Office of Equity and Human Rights, | § § § § § § § § § | JUDGE _____ |
| *Defendants*. | § § | |

**VERIFIED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs ESI/Employee Solutions, LP and Hagan Law Group LLC seek relief from this Court against Defendants City of Dallas, Eric Johnson (in his official capacity as Mayor of the City of Dallas), T.C. Broadnax (in his official capacity as City Manager of the City of Dallas) (collectively, the "City"), and Beverly Davis (in her official capacity as Director of the City of Dallas Office of Equity and Human Rights).  Plaintiffs are challenging the constitutionality of the City's ordinance mandating that employers provide paid sick leave to their employees (the "Paid Sick Leave Ordinance"),[1] and in support show the Court as follows:

**EXECUTIVE SUMMARY**

On April 24, 2019, the City of Dallas enacted the Paid Sick Leave Ordinance.  Dallas,

---

[1]     The text of the Paid Sick Leave Ordinance is available at http://www.amlegal.com/pdffiles/Dallas/31181.pdf.

Texas, Ordinance No. 31181; Municipal Code § 20-1—20-12.   Although Plaintiffs are headquartered in Collin County, Texas, the Paid Sick Leave Ordinance injures them because both have employees that work in Dallas enough to earn leave but who also work outside Dallas. Because the Paid Sick Leave Ordinance requires employers to allow employees to use earned leave at any other "facility, location, division, or job position with the same employer," Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-5(i) the Paid Sick Leave Ordinance extends regulatory power outside of its city limits to violate Plaintiffs' constitutional rights.

The Paid Sick Leave Ordinance violates Plaintiffs' rights arising under the United States Constitution, including the freedom of association, the equal protection of the law for non-unionized employers, and the right to be free of unreasonable searches and seizures.   In this action under 42 U.S.C. § 1983, Plaintiffs seek a declaratory judgment that the Paid Sick Leave Ordinance is unconstitutional, a preliminary injunction to halt its operation until a ruling on the merits, and a permanent injunction.

Moreover, because the Paid Sick Leave Ordinance conflicts with Texas statutory law, it is preempted and therefore in violation of the Texas Constitution.   The Texas Minimum Wage Act prohibits municipalities, such as the City, from regulating the wages of employees of private businesses, incorporating the standards of the Federal Fair Labor Standards Act (the "FLSA") into state law, but further preempting any municipal ordinances from going beyond those standards. Through the Texas Minimum Wage Act and the FLSA, Texas state law caps the minimum wage at the federal rate. In direct conflict, the Paid Sick Leave Ordinance requires that employers must pay minimum wage to employees for hours not actually worked.   The effect is to push their hourly wage above the minimum wage ceiling set by Texas law.   Accordingly, Plaintiffs ask the Court to accept supplemental jurisdiction over this state law claim and request a declaratory judgment that

the Paid Sick Leave Ordinance is preempted by Texas state law, a preliminary injunction to halt its operation until a ruling on the merits, and a permanent injunction.

## PARTIES

1.      Plaintiff ESI/Employee Solutions, LP is a for-profit corporation incorporated in the State of Texas and headquartered in the City of Plano in Collin County, Texas.  It provides temporary staffing in various industries, employing over 300 temporary employees within the City of Dallas at any given time, and will be affected by the provisions of the Paid Sick Leave Ordinance.  ESI/Employee Solutions, LPs has not elected to unionize and its employees working within the City of Dallas are not subject to a collective bargaining agreement.  ESI/Employee Solutions, LP maintains business records that are proprietary and confidential for which it would not want to disclose to the City of Dallas.

2.      Plaintiff Hagan Law Group LLC is a for-profit corporation incorporated in the State of Texas and based in the City of Allen in Collin County, Texas.  It provides legal counseling and representation to employers and executives in various industries located in Texas.  Hagan Law Group LLC currently employs one employee within the City of Dallas.  Hagan Law Group operates in the City of Dallas and will be affected by the provisions of the Paid Sick Leave Ordinance. Hagan Law Group LLC has not elected to unionize and its employee working within the City of Dallas is not subject to a collective bargaining agreement.  Hagan Law Group LLC maintains business records that are proprietary and confidential for which it would not want to disclose to the City of Dallas.

3.      Defendant City of Dallas, Texas, (the "City") is a home rule municipality headquartered in Dallas County and extending into Collin County.

4.      Defendant Eric Johnson is sued in his official capacity as Mayor of the City of

Dallas.

5.      Defendant T.C. Broadnax is sued in his official capacity as City Manager of the City of Dallas.

6.      Defendant Beverly Davis is sued in her official capacity as the Director of the City of Dallas Office of Equity and Human Rights.  The Office of Equity and Human Rights is the City department charged with enforcing the Ordinance.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution; under  28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of state law, of rights, privileges, and immunities secured by the United States Constitution; under 28 U.S.C. § 1343(a)(4), in that it seeks to secure equitable relief under an Act of Congress, specifically 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights; under 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims so related to claims in an action within original jurisdiction that they form part of the same case or controversy; under 28 U.S.C. § 2201, to secure declaratory relief; under 28 U.S.C. § 2202 to secure preliminary and permanent injunctive relief; and under 42 U.S.C. § 1988, to award attorneys' fees.

8.      Venue is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) because all the claims asserted by Plaintiffs arose within this judicial district and division.

## FACTS

### *The Paid Sick Leave Ordinance*

9.      On April 24, 2019, the City enacted the Paid Sick Leave Ordinance, mandating that private employers provide paid sick leave to their employees.  Dallas, Texas, Ordinance No. 31181; Municipal Code § 20-1-20-12.  The provisions of the Paid Sick Leave Ordinance are enforceable on August 1, 2019.

10.     The Paid Sick Leave Ordinance covers all employers who have employees who "perform[] at least 80 hours of work for pay within the City of Dallas, Texas in a year for an employer, including work performed through the services of a temporary or employment agency." Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-2(5).

11.     Plaintiffs have employees who perform at least 80 hours of work for pay within the City of Dallas, Texas in a calendar year.

12.     The Paid Sick Leave Ordinance requires employers to "grant an employee one hour of earned paid sick time for every 30 hours worked for the employer in the City of Dallas;" this accrual begins at the commencement of employment or either August 1, 2019, for an employer with more than five employees, or August 1, 2021, for an employer with not more than five employees at any time in the preceding 12 months. whichever is later." Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-4(a-b).

13.     The Paid Sick Leave Ordinance requires "[t]he employer [to] provide earned paid sick time in an amount equal to what the employee would have earned if the employee had worked the scheduled work time, exclusive of any overtime premium, tips, or commissions, but no less than the state minimum wage."  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-5(a).

14.     The Paid Sick Leave Ordinance requires that "[o]n no less than a monthly basis, an employer shall provide electronically or in writing to each employee a statement showing the amount of the employee's available earned paid sick time," Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-7(a), requiring employers to track hours worked even for employees paid on a salary basis and exempt from FLSA rules.

15.     This administrative requirement of the Ordinance requires Plaintiffs to incur additional costs in order to comply with the administrative requirements of the Ordinance.

16.     The Paid Sick Leave Ordinance requires employers to allow an

> Employee [to] request earned paid sick time . . . for an absence from the employee's scheduled work time caused by:
>
> (1)     The employee's physical or mental illness, physical injury, preventative medical or health care, or health condition; or
>
> (2)     The employee's need to care for their family member's physical or mental illness, physical injury, preventative medical or health care, or health condition; or
>
> (3)     The employee's or their family member's need to seek medical attention, seek relocation, obtain services of a victim's services organization, or participate in legal or court ordered action related to an incident of victimization from domestic abuse, sexual assault, or stalking involving the employee or the employee's family member.

Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-5(c).

17.     The Paid Sick Leave Ordinance requires employers with more than 15 employees at any time within the last 12 months (deemed "medium or large employers") to provide their employees up to a maximum of 64 hours of paid sick leave a year and requires covered employers with 15 or fewer employees at any time within the last 12 months (deemed "small employers") to provide their employees up to a maximum of 48 hours of paid sick leave per year.  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-2(8, 11); *id*. at § 20-4(c).

18.     The Paid Sick Leave Ordinance requires employers to "display a sign describing the requirements of this chapter . . .," Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-7(e), and requires "[a]n employer who provides an employee handbook to its employees must include a notice of [the paid sick leave obligations in the ordinance] in that handbook." *Id.* at § 20-7(b).

19.     The Paid Sick Leave Ordinance provides that "[n]either the amount of available earned paid sick time nor the right to use earned paid sick time shall be affected by an employee's transfer to a different facility, location, division, or job position with the same employer." Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-5(i).  The City by this provision requires employers who have employees within the City to apply the mandates of the Paid Sick Leave Ordinance even when those employees are later working outside the jurisdiction of the City or when the employer is outside the jurisdiction of the City but have employees that work within the City.

20.     The Paid Sick Leave Ordinance permits unionized employers operating with a collective bargaining agreement to "modify the yearly cap" of paid sick leave.  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-4(e).  This essentially exempts unionized employers from the Ordinance by allowing them to not provide hours of paid sick leave.

21.     The Paid Sick Leave Ordinance empowers "[t]he director of the department implementing the ordinance] [to] issue subpoenas to compel the attendance of a witness or the production of materials or documents in order to obtain relevant information and testimony." Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-10(b).  The Ordinance does not provide the ability for employers subject to the Ordinance to seek pre-compliance administrative review of the subpoena.

22.     Employers who violate the requirements of the Paid Sick Leave Ordinance face "a civil fine not to exceed $500" and "[e]ach violation of a particular section or subsection of this chapter constitutes a separate offense."  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-11(a).

23.     The Paid Sick Leave Ordinance provides for penalties if a person "refus[es] to appear or to produce any document or other evidence after receiving a subpoena pursuant to this section."  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-10(b).

### *The Texas Minimum Wage Act*

24.     The Texas Minimum Wage Act, with a few exceptions not relevant here, pegs the minimum wage in Texas to that set by the federal FLSA, 29 U.S.C. § 206.  Tex. Labor Code § 62.051.

25.     Although the FLSA on its own does not preempt any higher wages set by states or localities, the Texas Minimum Wage Act explicitly prevents localities from requiring private employers to pay above the wage set by the FLSA.  Tex. Labor Code § 62.0515 ("the minimum wage provided by this chapter supersedes a wage established in an ordinance, order, or charter provision governing wages in private employment."); *id*. at § 62.151 ("This chapter and a municipal ordinance or charter provision governing wages in private employment, other than wages under a public contract, do not apply to a person covered by the Fair Labor Standards Act of 1938 (29 U.S.C. Section 201 et seq.).").

26.     The FLSA and its implementing regulations require that the pay for employees be evaluated for compliance with the minimum wage by the work week, not by the hour, and only require pay for hours actually worked on behalf of the employer.  In contrast, the Paid Sick Leave Ordinance requires employers to track hours worked even for employees paid on a salary basis

and exempt from FLSA rules.

27.     A related provision in the Texas Labor Code, the Texas Payday Law, provides a definition for the term "wages."  That provision is the remedy for employees owed wages by their employers, to use to recover that compensation, and it defines "wages" as including "compensation owed by an employer for . . . sick leave pay . . . owed to an employee under a written agreement with the employer or under a written policy of the employer."  Tex. Labor Code § 61.001(7)(B).

### Effect of the Paid Sick Leave Ordinance on Plaintiffs

28.     Plaintiffs will be required to expend resources, including staff time, to comply with the Paid Sick Leave Ordinance's mandates when it becomes effective, such as hiring additional staff or purchasing software to track compliance.

29.     For example, the Paid Sick Leave Ordinance will require Plaintiffs to expend resources, including staff time, to determine how and in complying with the Ordinance requirements that Plaintiffs:

  a.     Track carry-over accrued sick leave time from year to year.  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-4(d);

  b.     Provide monthly statements to employees showing the amount of available earned sick time.  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-7(a);

  c.     Amend their employee handbooks to "include a notice of employee rights and remedies under" the Paid Sick Leave Ordinance.  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-7(b);

  d.     Create and display signage describing the requirements of the Paid Sick Leave Ordinance.  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-

7(e).

30.     When the Paid Sick Leave Ordinance goes into effect, Plaintiffs will be forced to adjust the mix of the overall compensation and the scheduling for its employees operating in the City, which will increase costs and decrease profits for Plaintiffs.

31.     Under current law, if an employee who normally works 40 hours a week took one 8-hour day off sick, employers such as Plaintiffs would only be required to pay the employee at least the minimum wage for the hours actually worked: 32.  After the Paid Sick Leave Ordinance goes into effect, under the same scenario, employers such as Plaintiffs would be required to pay at least the minimum wage for forty hours.  This means that the Paid Sick Leave Ordinance increases wages for the work week beyond that required by the Texas Minimum Wage Act.

32.     If the Paid Sick Leave Ordinance goes into effect, Plaintiffs' operations in the City will face a competitive disadvantage with unionized employers, because the latter have the right to modify the cap on paid sick leave hours mandated by the Paid Sick Leave Ordinance.  Plaintiffs are denied this same flexibility in determining the overall mix of compensation for its employees as a result of this discriminatory provision.  Because the Paid Sick Leave Ordinance directly regulates only employers, employers such as Plaintiffs are the only parties with standing to raise claims on behalf of employees who do not choose to associate with a union.

33.     If the Paid Sick Leave Ordinance goes into effect, Plaintiff ESI/Employee Solutions, LP will have special burdens due to the itinerant and mobile nature of its workforce. Keeping track of how many hours of the day each employee is working within the City, as opposed to nearby cities, will be an enormous undertaking.

34.     Also, Plaintiff ESI/Employee Solutions, LP will have to pay double the labor cost when employees use the benefits mandated by the Paid Sick Leave Ordinance because of the nature

of its business.  For example, consider a scenario where a business has an employee out sick, and asks a staffing company to provide a temporary one.  If the staffing company calls an employee to see if he is available to work the position for 8 hours that day, and the employee responds that he is ill and will now take his paid sick leave, the staffing company will have to pay him for 8 hours and also pay another employee for 8 hours to work the vacant position.

35.     Plaintiff ESI/Employee Solutions, LP has over 300 employees in the City, who make an average of $12.85 an hour.  Based on the requirements of the Paid Sick Leave Ordinance, Plaintiff ESI/Employee Solutions, LP estimates that leave paid out will be approximately $269,000.00 annually if each of its Dallas employees take the full amount of paid leave mandated by the Paid Sick Leave Ordinance.

36.     Plaintiff ESI/Employee Solutions, LP will also need to hire an additional employee to track where employees are placed, track their hours, calculate leave earned, and send the monthly reports required by the Paid Sick Leave Ordinance; this is estimated to cost approximately $60,000.00 annually in salary and benefits.

37.     Plaintiff ESI/Employee Solutions, LP will also need to change its training manuals, handbooks, and orientation materials, and estimates that its software company will charge $500.00 to make changes to its application and documents.  Plaintiff ESI/Employee Solutions, LP estimates that it will also need to provide approximately $3,000.00 in labor to make changes to relevant policies, and that it would have to spend approximately $1,500.00 in staff training time and travel to training.

38.     The additional expense required of the mandates of the Paid Sick Leave Ordinance would require Plaintiff ESI/Employee Solutions, LP to rearrange the mix of pay and benefits for its employees.  It could have to raise rates for clients, which would likely result in lower wages

they would be willing to pay their temporary employees placed by ESI/Employee Solutions, LP. Additionally, ESI/Employee Solutions, LP currently provides paid holiday leave for its employees; because that is not legally required, the increased costs of a mandate to provide paid sick leave would likely require it to eliminate paid holiday leave.

39.     Plaintiff Hagan Law Group LLC employs one attorney who works full time remotely from home within the City of Dallas.  Hagan Law Group LLC and its Dallas-based attorney have negotiated terms and conditions of employment that provide the employee a more flexible schedule and mutually agreed compensation in exchange for not having other benefits like paid leave.

40.     In response to the Paid Sick Leave Ordinance, Plaintiff Hagan Law Group LLC will be required to use a different and more complex time reporting/tracking software than what it uses currently.  It has estimated that legal reporting/billing software allowing the tracking of work locations and absences, with whole day or partial days, will cost an additional $3,000.00 annually. The hours to train support staff and the attorneys on a new system will cost approximately $2,800.00.

41.     The issuance of monthly statements required by the Paid Sick Leave Ordinance would cost Plaintiff Hagan Law Group LLC approximately $600.00 annually.

42.     Plaintiff Hagan Law Group LLC estimates the total cost of modifying its operations to ensure compliance with the Paid Sick Leave Ordinance would be $6,400.00 for the first year and $4,000.00 for each year thereafter.  In addition, the cost of the payout for sick leave (and for substitute wages for of counsel needed when an employee takes leave) would amount to a minimum of $14,000.00 per year (plus payroll taxes) for one employee working in the City.

43.     The additional expense required of the mandates of the Paid Sick Leave Ordinance would require Plaintiff Hagan Law Group LLC to rearrange the mix of pay and benefits for its employees.  It could

delay planned wage increases or bonuses for other staff. It could have to raise rates for clients or reduce overall employee compensation.  It is also possible that Hagan Law Group LLC would be forced to cancel its $5,500.00 per year Westlaw subscription, cancel plans to replace antiquated computer equipment, and eliminate year-end bonuses.

## COUNT I
## VIOLATION OF THE FREEDOM OF ASSOCIATION UNDER THE FIRST AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
## (42 U.S.C. § 1983)

44.     Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

45.     As part of their protected constitutional right of association, Plaintiffs and their employees have the right to not associate, *i.e.,* to not be a unionized employer operating with a collective bargaining agreement.

46.     By allowing only unionized employers operating with a collective bargaining agreement to "modify the yearly cap" of paid sick leave, while denying this right to non-unionized employers, the Paid Sick Leave Ordinance creates a distinction between unionized employers and non-unionized employers based on the exercise of their right to associate that is not rationally related to any legitimate governmental interest, and fails to serve a compelling governmental interest sufficient to overcome strict scrutiny necessitated by the discriminatory provision's burden on the freedom of association.

47.     Plaintiffs request this Court to declare that the Paid Sick Leave Ordinance violates, on its face, Plaintiffs' freedom of association under the First and Fourteenth Amendments to the United States Constitution.

**COUNT II**
**VIOLATION OF THE EQUAL PROTECTION CLAUSE OF**
**THE FOURTEENTH AMENDMENT**
**TO THE UNITED STATES CONSTITUTION**
**(42 U.S.C. § 1983)**

48.     Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

49.     By allowing only unionized employers operating with a collective bargaining agreement to "modify the yearly cap" of paid sick leave, while denying this right to non-unionized employers, the Paid Sick Leave Ordinance creates a distinction between unionized employers and non-unionized employers that is not rationally related to any legitimate governmental interest.

50.     Because it discriminates based on the exercise of the freedom of association of Plaintiffs and their employees, it also fails to serve a compelling governmental interest sufficient to overcome strict scrutiny.

51.     Plaintiffs request the Court declare that the Paid Sick Leave Ordinance violates, on its face, the Equal Protection Clause of the Fourteenth Amendments to the United States Constitution.

**COUNT III**
**VIOLATION OF THE FREEDOM FROM**
**UNREASONABLE SEARCHES AND SEIZURES**
**UNDER THE FOURTH AND THE FOURTEENTH AMENDMENT**
**TO THE UNITED STATES CONSTITUTION**
**(42 U.S.C. § 1983)**

52.     Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

53.     There is a clearly established legal right to an opportunity to obtain pre-compliance review of an administrative subpoena before a neutral decision maker.

54.     The Paid Sick Leave Ordinance requires employers to submit to unlimited,

14

unreasonable administrative subpoenas with no provision for judicial review before being required to comply.

55.     Plaintiffs request this Court to declare that the Paid Sick Leave Ordinance violates, on its face, the freedom from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

**COUNT IV**
**VIOLATION OF THE TEXAS MINIMUM WAGE ACT AND**
**THE TEXAS CONSTITUTION**
**(28 U.S.C. § 1367)**

56.     Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

57.     The Texas Constitution prohibits municipal ordinances from conflicting with state law.  Tex. Const. art. XI, § 5(a).

58.     The Texas Minimum Wage Act prohibits municipalities, such as the City, from regulating the wages of employees of private businesses, incorporating the standards of the federal Fair Labor Standards Act into state law, but further preempting any municipal ordinances going beyond those standards.

59.     Under the FLSA, employers are only required to pay wages for hours actually worked; for those hours not actually worked, the minimum wage is $0.00.  But the Paid Sick Leave Ordinance requires employers to pay at least the current minimum wage for those hours not actually worked that are covered by the mandated sick leave.

60.     The FLSA and its implementing regulations require that the pay for employees be evaluated for compliance with the minimum wage by the work week, not by the hour or day.

61.     Under current law, if an employee who normally works 40 hours a week took one 8-hour day off sick, the employer would only be required to pay the employee at least the minimum

wage for the hours actually worked: 32.

62.     After the Paid Sick Leave Ordinance goes into effect, under the same scenario, the employer would be required to pay at least the minimum wage for forty hours.  This means that the Paid Sick Leave Ordinance has the actual effect of increasing wages for the work week above the cap set by the Texas Minimum Wage Act.  *See Tex. Ass'n of Bus. v. City of Austin*, 565 S.W.3d 425, 440 (Tex. App.—Austin 2018, pet. filed).

63.     Plaintiffs request the Court declare that the Paid Sick Leave Ordinance, on its face, is preempted by the Texas Minimum Wage Act, and therefore violates the Texas Constitution.

## PRAYER FOR RELIEF

In order to prevent imminent violation of Plaintiffs' constitutional rights by Defendants, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring unconstitutional the Paid Sick Leave Ordinance.

Furthermore, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, it is appropriate and hereby requested that the Court issue preliminary and permanent injunctions prohibiting the City from enforcing the Paid Sick Leave Ordinance.

WHEREFORE, Plaintiffs pray for judgment against Defendants and that the Court:

(1)     declare that the Paid Sick Leave Ordinance is unconstitutional on its face because it violates the constitutional requirements of freedom of association, equal protection of the laws, and the right to be free of unreasonable searches and seizures guaranteed by the United States Constitution;

(2)     declare that the Paid Sick Leave Ordinance is unconstitutional under Texas law because it is preempted by the Texas Minimum Wage Act;

(3)     issue a preliminary injunction against the City and all agents, administrators,

employees, or other persons acting on behalf of the City, from enforcing the Paid Sick Leave Ordinance;

(4)     issue a permanent injunction against the City and all agents, administrators, employees, or other persons acting on behalf of the City, from enforcing the Paid Sick Leave Ordinance;

(5)     award Plaintiffs their costs and expenses incurred in bringing this action, including reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

(6)     grant such other and further relief as the Court deems equitable, just, and proper.

Respectfully Submitted,

*/s/Robert Henneke*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
Center for the American Future
901 Congress Avenue
Austin, TX 78701
Telephone:     (512) 472-2700
Facsimile:     (512) 472-2728

*Attorney for Plaintiffs ESI/Employee Solutions LP
and Hagan Law Group LLC*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, David F. Bristol, declare the following:

3.  I have personal knowledge of the matters alleged regarding Plaintiff ESI/Employee
    Solutions LP in the foregoing Complaint.

4.  The allegations contained herein are true and correct.

    I verify under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of July, 2019.

David F. Bristol
Chief Executive Officer
ESI/Employee Solutions LP

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, John P. Hagan, declare the following:

1. I have personal knowledge of the matters alleged regarding Plaintiff Hagan Law Group
   LLC in the foregoing Complaint.

2. The allegations contained herein are true and correct.

   I verify under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of July, 2019.

John P. Hagan
Founder
Hagan Law Group LLC