**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| ESI/EMPLOYEE SOLUTIONS, LP; HAGAN LAW GROUP LLC; and STATE OF TEXAS, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | NO. 4:19-cv-00570-ALM |
| CITY OF DALLAS; T.C. BROADNAX, in his official capacity as City Manager of the City of Dallas; and BEVERLY DAVIS, in her official capacity as Director of the City of Dallas Office of Equity and Human Rights, | § § § § § § | |
| *Defendants*. | § § § § | |

**FIRST AMENDED COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF**

## INTRODUCTION

1.      Plaintiffs ESI/Employee Solutions, LP ("ESI"); Hagan Law Group LLC ("Hagan");

and the State of Texas, through Ken Paxton in his official capacity as Attorney General, seek relief

from this Court against Defendants City of Dallas, T.C. Broadnax (in his official capacity as City

Manager of the City of Dallas), and Beverly Davis (in her official capacity as Director of the City

of Dallas Office of Equity and Human Rights). The City of Dallas ordinance requiring private

employers to provide paid sick leave to their employees ("Paid Sick Leave Ordinance" or

"Ordinance")[1] is unconstitutional because it violates the United States and Texas Constitutions.

---

[1]      Available at http://www.amlegal.com/pdffiles/Dallas/31181.pdf.

Plaintiffs therefore request that the Court declare the Ordinance unconstitutional and enjoin Defendants from enforcing or administering it.

2.       On April 24, 2019, the City of Dallas enacted the Paid Sick Leave Ordinance. Dallas, Texas, Ordinance No. 31181; Municipal Code § 20-1—20-12. This Ordinance harms Plaintiffs ESI and Hagan—which are headquartered in Collin County, Texas—because each has employees who work in Dallas enough to earn leave under the Ordinance, but who also work outside Dallas. Because the Paid Sick Leave Ordinance requires employers to allow employees to use earned leave at any other "facility, location, division, or job position with the same employer," Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-5(i), it extends regulatory power outside of the city limits and violates ESI's and Hagan's constitutional rights.

3.       The Paid Sick Leave Ordinance violates Plaintiffs ESI's and Hagan's rights under the United States Constitution, including the freedom of association, the equal protection of the law for non-unionized employers, and the right to be free of unreasonable searches and seizures. Plaintiffs ESI and Hagan therefore seek a declaratory judgment under 42 U.S.C. § 1983 that the Paid Sick Leave Ordinance is unconstitutional, a preliminary injunction to halt its operation until a ruling on the merits, and a permanent injunction.

4.       Moreover, because the Ordinance regulates private employer wages in a manner that is preempted by Texas law, it violates the Texas Constitution.  The Texas Minimum Wage Act ("TMWA") prohibits municipalities such as the City from regulating the wages of employees of private businesses, incorporating the minimum wage in the Federal Fair Labor Standards Act ("FLSA") into state law, and further preempting any municipal ordinances from going beyond that minimum.  Thus, through the TMWA and the FLSA, Texas law caps the minimum wage at the federal rate.  In direct conflict, the Paid Sick Leave Ordinance requires employers to pay minimum

wage to employees for hours those employees have not actually worked, thereby pushing those employees' hourly wage above the minimum wage ceiling set by Texas law.  Accordingly, Plaintiffs request a declaratory judgment that the Paid Sick Leave Ordinance is preempted by Texas state law, a preliminary injunction to halt its operation until a ruling on the merits, and a permanent injunction.

**JURISDICTION AND VENUE**

5.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, as this action arises under the First, Fourth, and Fourteenth Amendments to the United States Constitution; under 28 U.S.C. § 1343(a)(3), in that it is brought to redress deprivations, under color of state law, of rights, privileges, and immunities secured by the United States Constitution; under 28 U.S.C. § 1343(a)(4), in that it seeks to secure equitable relief under an Act of Congress, specifically 42 U.S.C. § 1983, which provides a cause of action for the protection of civil and constitutional rights; under 28 U.S.C. § 2403(b), to hear the State of Texas's argument on the state constitutional questions; under 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims so related to claims in an action within original jurisdiction that they form part of the same case or controversy; under 28 U.S.C. § 2201, to secure declaratory relief; under 28 U.S.C. § 2202 to secure preliminary and permanent injunctive relief; and under 42 U.S.C. § 1988, to award attorneys' fees.

6.     Venue is proper within this judicial district and division pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiffs' claims arose within this judicial district and division.

**PARTIES**

7.     Plaintiff ESI/Employee Solutions, LP is a for-profit corporation incorporated in the State of Texas and headquartered in the City of Plano in Collin County, Texas.  It provides

3

temporary staffing in various industries, employing over 300 temporary employees within the City of Dallas at any given time, and will be affected by the provisions of the Paid Sick Leave Ordinance.  ESI/Employee Solutions, LPs has not elected to unionize and its employees working within the City of Dallas are not subject to a collective bargaining agreement.  ESI/Employee Solutions, LP maintains business records that are proprietary and confidential which it would not want to disclose to the City of Dallas.

8.      Plaintiff Hagan Law Group LLC is a for-profit corporation incorporated in the State of Texas and based in the City of Allen in Collin County, Texas.  It provides legal counseling and representation to employers and executives in various industries in Texas. Hagan Law Group LLC currently employs one employee within the City of Dallas. Hagan Law Group operates in the City of Dallas and will be affected by the provisions of the Paid Sick Leave Ordinance. Hagan Law Group LLC has not elected to unionize and its employee working within the City of Dallas is not subject to a collective bargaining agreement.  Hagan Law Group LLC maintains business records that are proprietary and confidential which it would not want to disclose to the City of Dallas.

9.      Plaintiff Texas is a sovereign state within the United States federal system.  Texas sues through its chief legal officer—Attorney General Ken Paxton in his official capacity—who is charged with defending the State's interests in all proceedings where the constitutionality of a State law is at issue.  *See, e.g.*, Tex. Civ. Prac. & Rem. Code § 37.006(b); *Moore v. Morales*, 63 F.3d 358, 360–61 (5th Cir. 1995) ("by statute, the State of Texas requires that, when the constitutionality of one of its laws is challenged, 'the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard'") (quoting Tex. Civ. Prac. & Rem. Code § 37.006(b); citing *Baker v. Wade*, 743 F.2d 236, 242 (5th Cir. 1984) (holding that Texas Attorney General is presumptively adequate representative of State's interest when

constitutionality of Texas law is at issue), *rev'd on other grounds*, 769 F.2d 289 (5th Cir. 1985));

28 U.S.C. § 2403(b) ("In any action, suit, or proceeding in a court of the United States to which a

State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of

any statute of that State affecting the public interest is drawn in question, the court . . . shall permit

the State to intervene . . . for argument on the question of constitutionality.")  Because Texas has

an interest in enforcement of its duly enacted State laws, and because the TMWA (a State law

incorporating FLSA provisions) preempts the Paid Sick Leave Ordinance, Plaintiff Texas will

suffer irreparable harm absent an injunction.

      10.     Defendant City of Dallas, Texas, ("City") is a home rule municipality subject to the

laws of the State of Texas.  The City is headquartered in Dallas County and extends into Collin

County. The City enacted the Paid Sick Leave Ordinance.

      11.     Defendant T.C. Broadnax, sued in his official capacity as City Manager of the City

of Dallas, is responsible for the day-to-day operations of the City and is responsible for overseeing

the implementation, administration, and enforcement of the Ordinance.  *See* Dallas, Texas,

Ordinance No. 31181; §2, Municipal Code at § 20-2(3).

      12.     Defendant Beverly Davis is sued in her official capacity as the Director of the City

of Dallas Office of Equity and Human Rights.  The Director of the Office of Equity and Human

Rights is the City official charged with enforcing many provisions of Ordinance.  *See, e.g.,* Dallas,

Texas, Ordinance No. 31181; Municipal Code at § 20-3.

## FACTS

### *The Paid Sick Leave Ordinance*

      13.     On April 24, 2019, the City enacted the Paid Sick Leave Ordinance, mandating that

private employers provide paid sick leave to their employees.  Dallas, Texas, Ordinance No.

31181; Municipal Code § 20-1-20-12.   Provisions of the Paid Sick Leave Ordinance are enforceable on August 1, 2019.

14.     The Paid Sick Leave Ordinance covers all employers who have employees who "perform[] at least 80 hours of work for pay within the City of Dallas, Texas in a year for an employer, including work performed through the services of a temporary or employment agency." Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-2(5).

15.     Plaintiffs ESI and Hagan have employees who perform at least 80 hours of work for pay within the City of Dallas, Texas, in a calendar year.

16.     The Paid Sick Leave Ordinance requires employers to "grant an employee one hour of earned paid sick time for every 30 hours worked for the employer in the City of Dallas;" this accrual begins "at the commencement of employment or either August 1, 2019, for an employer with more than five employees, or August 1, 2021, for an employer with not more than five employees at any time in the preceding 12 months, whichever is later."  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-4(a-b).

17.     The Paid Sick Leave Ordinance requires "[t]he employer [to] provide earned paid sick time in an amount equal to what the employee would have earned if the employee had worked the scheduled work time, exclusive of any overtime premium, tips, or commissions, but no less than the state minimum wage."  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-5(a).

18.     The Paid Sick Leave Ordinance requires that "[o]n no less than a monthly basis, an employer shall provide electronically or in writing to each employee a statement showing the amount of the employee's available earned paid sick time," Dallas, Texas, Ordinance No. 31181;

Municipal Code at § 20-7(a), requiring employers to track hours worked even for employees paid on a salary basis and exempt from FLSA rules.

19.     This administrative requirement of the Ordinance requires Plaintiffs ESI and Hagan to incur additional costs to comply with it.

20.     The Paid Sick Leave Ordinance requires employers to allow an

Employee [to] request earned paid sick time . . . for an absence from the employee's scheduled work time caused by:

> (1)     The employee's physical or mental illness, physical injury, preventative medical or health care, or health condition; or
>
> (2)     The employee's need to care for their family member's physical or mental illness, physical injury, preventative medical or health care, or health condition; or
>
> (3)     The employee's or their family member's need to seek medical attention, seek relocation, obtain services of a victim's services organization, or participate in legal or court ordered action related to an incident of victimization from domestic abuse, sexual assault, or stalking involving the employee or the employee's family member.

Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-5(c).

21.     The Paid Sick Leave Ordinance requires employers with more than 15 employees at any time within the last 12 months (deemed "medium or large employers") to provide their employees up to a maximum of 64 hours of paid sick leave a year and requires covered employers with 15 or fewer employees at any time within the last 12 months (deemed "small employers") to provide their employees up to a maximum of 48 hours of paid sick leave per year.  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-2(8, 11); *id*. at § 20-4(c).

22.     The Paid Sick Leave Ordinance requires employers to "display a sign describing the requirements of this chapter . . .," Dallas, Texas, Ordinance No. 31181; Municipal Code at §

20-7(e), and requires "[a]n employer who provides an employee handbook to its employees must include a notice of [the Ordinance's requirements] in that handbook."  *Id.* at § 20-7(b).

23.     The Paid Sick Leave Ordinance provides that "[n]either the amount of available earned paid sick time nor the right to use earned paid sick time shall be affected by an employee's transfer to a different facility, location, division, or job position with the same employer."  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-5(i).  The City by this provision requires employers with employees within the City to apply the mandates of the Paid Sick Leave Ordinance even when those employees are working outside the City's jurisdiction, or when the employer is outside the jurisdiction of the City but has employees that work within the City.

24.     The Paid Sick Leave Ordinance permits unionized employers operating with a collective bargaining agreement to "modify the yearly cap" of paid sick leave.  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-4(e).  This effectively exempts unionized employers from the Ordinance by allowing them to not provide hours of paid sick leave.

25.     The Paid Sick Leave Ordinance empowers "[t]he director [of the department implementing the ordinance to] issue subpoenas to compel the attendance of a witness or the production of materials or documents in order to obtain relevant information and testimony." Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-10(b).  The Ordinance does not provide a means for employers subject to the Ordinance to seek pre-compliance administrative review of such a subpoena.

26.     Violations of the Paid Sick Leave Ordinance are subject to "a civil fine not to exceed $500" and "[e]ach violation of a particular section or subsection of this chapter constitutes a separate offense."  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-11(a).

27.     The Paid Sick Leave Ordinance provides for penalties if a person "refus[es] to appear or to produce any document or other evidence after receiving a subpoena pursuant to this section."  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-10(b).

### The Texas Minimum Wage Act

28.     Chapter 62 of the Labor Code, the Texas Minimum Wage Act ("TMWA"), establishes and regulates wages in the State. TEX. LAB. CODE §§ 62.001–.205.

29.     With a few exceptions not relevant here, the TMWA provides that employers "shall pay to each employee the federal minimum wage under Section 6, Fair Labor Standards Act of 1938 (29 U.S.C. Section 206)." TEX. LAB. CODE § 62.051.

30.     The TMWA expressly preempts local municipalities from enacting ordinances establishing or otherwise governing the wage paid by private employers.

31.     For smaller employers subject only to State law, the TMWA preempts local wage regulation by stating "the minimum wage provided by this chapter supersedes a wage established in an ordinance, order, or charter provision governing wages in private employment, other than wages under a public contract." TEX. LAB. CODE § 62.0515(a).

32.     For larger employers subject to the FLSA, the TMWA preempts local wage regulation by stating "[t]his chapter and a municipal ordinance or charter provision governing wages in private employment, other than wages under a public contract, do not apply to a person covered by the Fair Labor Standards Act of 1938 (29 U.S.C. [§] 201 *et seq.*)." TEX. LAB. CODE § 62.151.

33.     The FLSA sets a minimum wage based on employee hours actually worked in a workweek. 29 U.S.C. § 206.

34.     The TMWA does not require private employers to provide any minimum amount of paid sick leave to their employees.

35.     The State of Texas—through its Legislature and its decision to incorporate portions of the FLSA—has chosen a policy of uniform wage regulation.

36.     The Paid Sick Leave Ordinance prevents the State of Texas from implementing its sovereign policy choice of uniform wage regulation throughout the State.

### *Effect of the Paid Sick Leave Ordinance on Plaintiffs*

37.     Plaintiffs ESI and Hagan will be required to expend resources, including staff time, to comply with the Paid Sick Leave Ordinance's mandates when it becomes effective, such as hiring additional staff or purchasing software to track compliance.

38.     For example, ESI and Hagan will have to expend resources to develop and implement processes to comply with the Ordinance, including its requirements that they:

        a.     Track carry-over accrued sick leave time from year to year.  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-4(d);

        b.     Provide monthly statements to employees showing the amount of available earned sick time.  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-7(a);

        c.     Amend their employee handbooks to "include a notice of employee rights and remedies under" the Paid Sick Leave Ordinance.  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-7(b);

        d.     Create and display signage describing the requirements of the Paid Sick Leave Ordinance.  Dallas, Texas, Ordinance No. 31181; Municipal Code at § 20-7(e).

39.     When the Paid Sick Leave Ordinance goes into effect, Plaintiffs ESI and Hagan will be forced to adjust the mix of the overall compensation and the scheduling for their employees operating in the City, which will increase costs and decrease profits for ESI and Hagan.

40.     Under current law, if an employee who normally works 40 hours a week took one 8-hour day off sick, employers such as ESI and Hagan would only be required to pay the employee at least the minimum wage for the hours actually worked: 32.  After the Paid Sick Leave Ordinance goes into effect, under the same scenario, the same employers will be required to pay at least the minimum wage for forty hours. This means that the Paid Sick Leave Ordinance increases wages for the work week beyond the what TMWA requires.

41.     If the Paid Sick Leave Ordinance goes into effect, ESI's and Hagan's operations in the City will face a competitive disadvantage compared to unionized employers, because the latter have the right to modify the cap on paid sick leave hours under the Ordinance. Plaintiffs ESI and Hagan are denied this same flexibility in determining the overall mix of compensation for their employees as a result of this discriminatory provision. Because the Ordinance directly regulates only employers, employers such as ESI and Hagan have standing to raise claims on behalf of employees who do not choose to associate with a union.

42.     If the Paid Sick Leave Ordinance goes into effect, Plaintiff ESI will have special burdens due to the itinerant, mobile nature of its workforce.  Tracking how many hours each day each employee works within the City (as opposed to outside it) will be an enormous undertaking.

43.     Also, Plaintiff ESI will have to pay double the labor cost when employees use the benefits the Ordinance mandates because of the nature of its business.  For example, consider a scenario where a business has an employee out sick, and asks a staffing company to provide a temporary one.  If the staffing company calls an employee to see if he is available to work the

position for 8 hours that day, and the employee responds that he is ill and will now take his paid sick leave, the staffing company will have to pay him for 8 hours and also pay another employee for 8 hours to work the vacant position.

44.     Plaintiff ESI has over 300 employees in the City, who make an average of $12.85 an hour. Based on the requirements of the Paid Sick Leave Ordinance, ESI estimates that leave paid out will be approximately $269,000.00 annually if each of its Dallas employees take the full amount of paid leave mandated by the Paid Sick Leave Ordinance.

45.     Plaintiff ESI will also have to hire an additional employee to track where employees are placed, track their hours, calculate leave earned, and send the monthly reports required by the Ordinance; this is estimated to cost approximately $60,000.00 annually in salary and benefits.

46.     Plaintiff ESI will also need to change its training manuals, handbooks, and orientation materials, and estimates that its software company will charge $500.00 to make changes to its application and documents. ESI estimates that it will also need to provide approximately $3,000.00 in labor to make changes to relevant policies, and that it will have to spend approximately $1,500.00 in staff training time and travel to training.

47.     The additional expense required to implement the Paid Sick Leave Ordinance would require Plaintiff ESI to rearrange the mix of pay and benefits for its employees. ESI might have to raise rates for clients, which would likely result in lower wages they would be willing to pay temporary employees placed by ESI.  Additionally, ESI currently provides paid holiday leave for its employees; because that is not legally required, the increased costs of the Ordinance's mandate would likely require ESI to eliminate paid holiday leave.

48.     Plaintiff Hagan employs one attorney who works full time remotely from home within the City of Dallas. Hagan and its Dallas-based attorney have negotiated terms and

conditions of employment that provide the employee a more flexible schedule and mutually agreed compensation in exchange for not having other benefits like paid leave.

49.    In response to the Paid Sick Leave Ordinance, Plaintiff Hagan will be required to use a different and more complex time reporting/tracking software than what it uses currently. Hagan has estimated that legal reporting/billing software allowing the tracking of work locations and absences, with whole day or partial days, will cost an additional $3,000.00 annually. The hours to train support staff and attorneys on a new system will cost approximately $2,800.00.

50.    The issuance of monthly statements required by the Paid Sick Leave Ordinance would cost Plaintiff Hagan approximately $600.00 annually.

51.    Plaintiff Hagan estimates the total cost of modifying its operations to ensure compliance with the Paid Sick Leave Ordinance would be $6,400.00 for the first year and $4,000.00 for each year thereafter. In addition, the cost of the payout for sick leave (and for substitute wages for of counsel needed when an employee takes leave) would amount to a minimum of $14,000.00 per year (plus payroll taxes) for one employee working in the City.

52.    The additional expense required of the mandates of the Paid Sick Leave Ordinance would require Plaintiff Hagan to rearrange the mix of pay and benefits for its employees. It could delay planned wage increases or bonuses for other staff. It could have to raise rates for clients or reduce overall employee compensation. It is also possible that Plaintiff Hagan would be forced to cancel its $5,500.00 per year Westlaw subscription, cancel plans to replace antiquated computer equipment, and eliminate year-end bonuses.

53.    The TMWA sets the minimum wage that private employers in the State may be required to pay their employees per hour of work—but the Paid Sick Leave Ordinance requires employers to pay their employees more than that. The TMWA therefore preempts the Ordinance,

rendering it unconstitutional under the Texas Constitution. TEX. CONST. art. XI, § 5. (Providing that a Texas home rule municipality may not enact an ordinance "inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of the State.")

54.     Texas's sovereignty and the public interest of her citizens will be irreparably harmed if the Paid Sick Leave Ordinance is not enjoined, because it is unconstitutional and preempted under Texas law. *See, e.g.*, *Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018) ("the inability to enforce its duly enacted [laws] clearly inflicts irreparable harm on the State") (citing *Maryland v. King*, 567 U. S. 1301 (2012) (Roberts, C. J., in chambers)); *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013) (recognizing that, when a duly enacted law is not enforced, "the State necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws").

***Claims Alleged by Plaintiffs ESI and Hagan***

**COUNT I**
**VIOLATION OF THE FREEDOM OF ASSOCIATION UNDER**
**THE FIRST AND THE FOURTEENTH AMENDMENTS**
**TO THE UNITED STATES CONSTITUTION**
**(42 U.S.C. § 1983)**

55.     Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

56.     As part of their protected constitutional right of association, ESI, Hagan, and their employees have the right to not associate, *i.e.,* to not be a unionized employer operating with a collective bargaining agreement.

57.     By allowing only unionized employers operating with a collective bargaining agreement to "modify the yearly cap" of paid sick leave, while denying this right to non-unionized employers, the Paid Sick Leave Ordinance creates a distinction between unionized employers and

non-unionized employers based on the exercise of their right to associate that is not rationally related to any legitimate governmental interest, and fails to serve a compelling governmental interest sufficient to overcome strict scrutiny necessitated by the discriminatory provision's burden on the freedom of association.

58.     Plaintiffs request that the Court declare that the Paid Sick Leave Ordinance violates, on its face, Plaintiffs' freedom of association under the First and Fourteenth Amendments to the United States Constitution.

**COUNT II**
**VIOLATION OF THE EQUAL PROTECTION CLAUSE OF**
**THE FOURTEENTH AMENDMENT**
**TO THE UNITED STATES CONSTITUTION**
**(42 U.S.C. § 1983)**

59.     Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

60.     By allowing only unionized employers operating with a collective bargaining agreement to "modify the yearly cap" of paid sick leave, while denying this right to non-unionized employers, the Paid Sick Leave Ordinance creates a distinction between unionized employers and non-unionized employers that is not rationally related to any legitimate governmental interest.

61.     Because it discriminates based on the exercise of the freedom of association of Plaintiffs ESI, Hagan, and their employees, it also fails to serve a compelling governmental interest sufficient to overcome strict scrutiny.

62.     Plaintiffs request that the Court declare that the Paid Sick Leave Ordinance violates, on its face, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**COUNT III**
**VIOLATION OF THE FREEDOM FROM**
**UNREASONABLE SEARCHES AND SEIZURES**
**UNDER THE FOURTH AND THE FOURTEENTH AMENDMENTS**
**TO THE UNITED STATES CONSTITUTION**
**(42 U.S.C. § 1983)**

63.     Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

64.     There is a clearly established legal right to an opportunity to obtain pre-compliance review of an administrative subpoena before a neutral decision maker.

65.     The Paid Sick Leave Ordinance requires employers to submit to unlimited, unreasonable administrative subpoenas with no provision for judicial review before being required to comply.

66.     Plaintiffs request that the Court declare that the Paid Sick Leave Ordinance violates, on its face, the freedom from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

*Claims Alleged by All Plaintiffs*

**COUNT IV**
**VIOLATION OF THE TEXAS MINIMUM WAGE ACT AND**
**THE TEXAS CONSTITUTION**
**(28 U.S.C. § 1367)**

67.     Plaintiffs incorporate the allegations in the foregoing paragraphs as if set forth fully herein.

68.     Under the State Constitution, a Texas home rule municipality may not enact an ordinance "inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of the State." TEX. CONST. art. XI, § 5.

69.     "While home-rule cities have all power not denied by the [Texas] Constitution or state law, and thus need not look to the Legislature for grants of authority, the Legislature can limit or withdraw that power by general law." *City of Laredo v. Laredo Merch. Ass'n*, 550 S.W.3d 586, 592 (Tex. 2018) (citation omitted).

70.     "An ordinance of a home-rule city that attempts to regulate a subject matter preempted by a state statute is unenforceable to the extent it conflicts with the state statute." *Dallas Merch.'s & Concessionaire's Ass'n v. City of Dall.*, 852 S.W.2d 489, 491 (Tex. 1993) (citation omitted).

71.     When the State "adopts a general law and applies it to all cities of a certain class, no city of such class is authorized to enact contrary legislation." *City of Beaumont v. Gulf States Util. Co.*, 163 S.W.2d 426 (Tex. Ct. App.—Beaumont 1942). Cities may not "enter[ ] a field of legislation which has been occupied by general legislative enactments." *City of Baytown v. Angel*, 469 S.W.2d 923 (Tex. Ct. App.—Houston [14th Dist.] 1971).  Local regulation must be "in harmony" with "the general scope and purpose of [ ] state enactment[s]." *BCCA Appeal Grp., Inc. v. City of Hous.*, 496 S.W.3d 1, 7 (Tex. 2016).

72.     The TMWA prohibits municipalities such as the City from regulating the wages of employees of private businesses, pegging the hourly minimum wage to that set by the FLSA, and preempting any municipal ordinances going beyond that.

73.     The TMWA supersedes a wage established by a municipal ordinance like the Paid Sick Leave Ordinance.

74.     The TMWA prohibits the Paid Sick Leave Ordinance from applying to a person covered by FLSA.

75.     The FLSA requires employers only to pay wages for hours actually worked; for those hours not actually worked, the minimum wage is $0.00.

76.     The Paid Sick Leave Ordinance violates the TMWA by requiring employers to pay employees for hours not worked, thereby increasing wages for the work week beyond those required by the TMWA and FLSA.

77.     The TMWA preempts the City of Dallas Paid Sick Leave Ordinance, rendering it unconstitutional and unenforceable. *See, e.g.*, TEX. CONST. art. XI, § 5; *Texas Ass'n of Bus. v. City of Austin, Texas*, 565 S.W.3d 425, 440 (Tex. App.—Austin 2018, pet. filed).

78.     Under current law, if an employee who normally works 40 hours a week took one 8-hour day off sick, the employer would only be required to pay the employee at least the minimum wage for the hours actually worked: 32.

79.     After the Paid Sick Leave Ordinance goes into effect, under the same scenario, the employer would be required to pay that employee at least the minimum wage for forty hours. This means that the Paid Sick Leave Ordinance increases wages for the work week above the cap set by the Texas Minimum Wage Act.  *See Tex. Ass'n of Bus. v. City of Austin*, 565 S.W.3d at 440.

80.     Plaintiffs request that the Court declare that the Paid Sick Leave Ordinance, on its face, is preempted by the Texas Minimum Wage Act, and therefore violates the Texas Constitution and is unenforceable.

## **PRAYER FOR RELIEF**

In order to prevent imminent violation of the United States and Texas constitutions, it is appropriate and proper that a declaratory judgment be issued, pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, declaring the Paid Sick Leave Ordinance unconstitutional.

Furthermore, pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65, it is appropriate and hereby requested that the Court issue preliminary and permanent injunctions prohibiting the Defendants from enforcing the Paid Sick Leave Ordinance.

WHEREFORE, Plaintiffs pray for judgment against Defendants and that the Court:

(1)    declare that the Paid Sick Leave Ordinance is unconstitutional on its face because it violates the rights of freedom of association, equal protection of the laws, and the right to be free of unreasonable searches and seizures guaranteed by the United States Constitution;

(2)    declare that the Paid Sick Leave Ordinance is unconstitutional under Texas law because it is preempted and therefore unenforceable;

(3)    issue a preliminary injunction against the Defendants and all agents, administrators, employees, or other persons acting on their behalf or that of the City, from enforcing the Paid Sick Leave Ordinance;

(4)    issue a permanent injunction against the Defendants and all agents, administrators, employees, or other persons acting on their behalf of that of the City, from enforcing the Paid Sick Leave Ordinance;

(5)    award Plaintiffs their costs and expenses incurred in bringing this action, including reasonable attorney fees pursuant to 42 U.S.C. § 1988; and

(6)    grant such other and further relief as the Court deems equitable, just, and proper.

Respectfully Submitted,

*/s/Robert Henneke*
ROBERT HENNEKE
Texas Bar No. 24046058
rhenneke@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
Center for the American Future
901 Congress Avenue
Austin, TX 78701

Telephone:      (512) 472-2700
Facsimile:      (512) 472-2728

*Attorney for Plaintiffs ESI/Employee Solutions LP
and Hagan Law Group LLC*

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy Attorney General for Legal Counsel

PATRICK K. SWEETEN
Associate Deputy for Special Litigation

MICHAEL C. TOTH
Special Counsel for Civil Litigation

*/s/ Anne Marie Mackin*
ANNE MARIE MACKIN
Assistant Attorney General
Texas Bar No. 24078898
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2798 | FAX: (512) 320-0667
anna.mackin@oag.texas.gov

*Attorneys for Plaintiff
The State of Texas*

**CERTIFICATE OF SERVICE**

I certify that on August 6, 2019, the foregoing instrument was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record, and that the foregoing was also served upon the following via email:

Christopher J. Caso
Interim City Attorney
chris.caso@dallascityhall.com

Kathleen M. Fones
Assistant City Attorney
kathleen.fones@dallascityhall.com

*Attorneys for Defendants*

*/s/ Robert Henneke*
ROBERT HENNEKE