**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ESI/EMPLOYEE SOLUTIONS, LP, and HAGAN LAW GROUP LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-00570-ALM |
| CITY OF DALLAS; T.C. BROADNAX, in his official capacity as City Manager of the City of Dallas; and BEVERLY DAVIS in her official capacity as Director of the City of Dallas Office of Equity and Human Rights, | § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' MOTION TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants City of Dallas (the "City"); T.C. Broadnax ("City Manager"), and Beverly Davis ("Director"), in their official capacities (collectively "Defendants") and file their motion to transfer venue from this district court to the United States District Court for the Northern District of Texas – Dallas Division.

**I.    Factual Background**

The Cities of Austin, San Antonio, and Dallas adopted similar so-called Paid Sick Leave Ordinances. Other plaintiffs filed suit in state court against Austin and San Antonio in, respectively, Travis County and Bexar County.[1] Like Plaintiffs in this action, the plaintiffs

---

[1] *See Tex. Ass'n of Business, et al. v. City of Austin, et al.*, Cause No. D-1-GN-18-001968 (459th Dist. Ct. Travis Co.); *Assoc. Builders & Contractor of South Tex., Inc., et al., v. City of San Antonio, et al.,* Cause No. 2019-CI-13921 (408th Dist. Ct. Bexar Co.).

1

challenging the Austin ordinance are represented by the Texas Public Policy Foundation. The challenges to those ordinances are that they violate constitutional rights and are preempted by state law. These are the same bases to challenge the City's ordinance except that the constitutional basis for the challenges to the Austin and San Antonio ordinances is the Texas Constitution whereas in this action the basis is the United States Constitution. If this action had been brought in state court, venue would be mandatory in Dallas County. *See* Tex. Civ. & Prac. Rem Code § 65.023(a). Instead, Plaintiffs brought this action in this district. The State of Texas has intervened in both the Austin and San Antonio actions as to the state law preemption claim only, just as they have joined only the state law preemption claim in this action.

The original plaintiffs, ESI/Employee Solutions, L.P. ("ESI") and Hagan Law Group L.L.C. ("Hagan"), alleged that their businesses are "headquartered" and "based" in Collin County. (ECF No. 1 at 3). They further alleged that the City adopted the so-called Paid Sick Leave Ordinance on April 24, 2019. (ECF No. 1 at 1). They further alleged that certain provisions of the Ordinance became effective and enforceable on August 1, 2019. (ECF No. 1 at 5).[2] ESI and Hagan filed suit on July 30, 2019, before the Ordinance became effective. (ECF No. 1). They asserted that venue was proper pursuant to 28 U.S.C. § 1391(b)(2) because "all claims asserted by Plaintiffs arose within this judicial district and division." (ECF No. 1 at 4).[3]

## II. Plaintiffs Failed to Allege Proper Venue

Plaintiffs' allegations for venue are unsupported and unsustainable. Section 1391(b)(2) states that venue is proper in the district where a substantial part of the claim occurred. 28 U.S.C. § 1391(b)(2). At the time this lawsuit was filed, as alleged by Plaintiffs, the only event that had

---

[2] As explained in Defendants' response to Plaintiffs' motion for preliminary injunction, the Ordinance is not applicable to Hagan until August 2021.
[3] The amended complaint that added the State of Texas ("State") contains a nearly identical venue allegation and allegations about the adoption of the ordinance. (ECF No. 9 at 2, 3, 5-6)

occurred was the enactment of the Paid Sick Leave Ordinance in April 2019. (ECF No. 1 at 5). Enactment of an ordinance can only occur through the vote of the Dallas City Council. *See* Dallas City Charter, Chapt. XVIII, §§ 1-4. The City Council meeting at which the Ordinance was adopted occurred at Dallas City Hall, 1500 Marilla, Dallas, Texas 75201 which is within Dallas County. Further, the City's principal office, Dallas City Hall, and the vast majority of the City are within Dallas County.[4] Dallas County is within the venue and jurisdiction of the Federal District Court for the Northern District of Texas.

Thus, when this suit was brought none of the events, let alone a substantial portion, had occurred within this district and venue would not be proper under Section 1391(b)(2). *See e.g*. *Chester v. Beard*, No. 07-47422008 WL 2310946, *8 (E.D. Pa. June 2, 2008) ("In cases such as this one, where plaintiffs challenge state-wide policies, and not merely the actions of state officials in a single county, venue is proper pursuant to Section 1391(b)(2) in the district where those policies are developed.") (citing *Stanton-Negley Drug Co. v. Pennsylvania Dep't of Public Welfare*, Civ. A. No. 07-1309, 2008 WL 1881894 (W.D. Pa. Apr. 24, 2008); *Perkins v. Snyder*, Civ. A. No. 94-4785, 1994 WL 530045 (E.D. Pa. Sept.2, 1994); *Leroy v. Great Western United Corp.*, 443 U.S. 173, 185-86(1979)); *Tracfone Wireless, Inc. v. Wilson*, 10-CV-20180-GOLD/MCALILEY, 2010 WL 11566068, *3 (S.D. Fla. March 15, 2010) (holding challenge to Alabama regulation was in Alabama adding, "[a]s the United State Supreme Court made clear in the case *of Leroy v. Great Western United Corp.*, 443 U.S. 173 (1979), the mere fact that a law or regulation's effect might be felt in a judicial district, without more, is insufficient to establish venue

---

[4] *See Blue Calypso, Inc. v. Groupon, Inc.,* No. 6:12-cv-486-MHS, 2013 WL 11879675, *1, n. 1 (E.D. Tex. Sept. 27, 2013) (noting that most of the City is in Dallas County and the Northern District but includes Collin and other counties and Collin County is within this district); ECF No. 1 at 3.

3

in that district, for such an interpretation of the federal venue statute would allow state officials to be sued in an unreasonable number of jurisdictions. 443 U.S. at 186.") (footnote omitted).

However, while not alleged, venue in this district may be proper for a different reason. 28 U.S.C. § 1391(b)(1) provides that venue may be proper in the district in which the defendants reside. Plaintiffs have named the City Manager and the Director in their official capacities as defendants but have not alleged any actions taken by either of them. (ECF No. 1 at 4). "The general rule in suits against public officials is that a defendant's residence for venue purpose is the district where he performs his official duties." *Florida Nursing Home Ass'n. v. Page*, 616 F.2d 1355, 1360 (5th Cir.1980), *rev'd on other grounds* 450 U.S. 147 (1981) (but recognizing that state officials may have other residences for purposes of venue). The City Manager and the Director perform their official duties at Dallas City Hall and should be regarded as residing in Dallas County. Plaintiffs' pleading does not suggest alternative residences for these officials and their residences do not provide a basis for venue in this district.

An entity that can sue or be sued, such as the City, is considered to reside where it is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2) (such entities "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). This Court observed, "[a]lthough a portion of the City of Dallas reaches two counties—Collin and Denton—in the Eastern District of Texas, Sherman Division, this Court's jurisdiction does not reach any part of the City of Dallas that is in Dallas County." *Degan v. Bd. of Trustees of the Dallas Police & Fire Pension Sys.*, 4:17-CV-066-ALM, 2017 WL 2215776, at *4 (E.D. Tex. May 19, 2017). The City acknowledges that a portion of its municipal boundaries lie within Collin County and the Eastern District.

### III. The Case Should Be Transferred Based on Convenience and in the Interest of Justice

28 U.S.C. § 1404(a) permits a district court to transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A motion to transfer venue is addressed to the discretion of the trial court. *Peteet v. Dow Chemical*, 868 F.2d 1428, 1436 (5th Cir. 1989); *United States v. Asibor*, 109 F.3d 1023, 1037 (5th Cir. 1997). Venue is determined at the time the complaint is filed and not affected by subsequent changes of parties or events. *See Virginia Innovation Sciences, Inc. v. Amazon.com, Inc.*, Nos. 4:18-cv-474, No. 4:18-cv-475, 4:18-cv-476, 4:18-cv-477, 2019 WL 3082314, *8 (E.D. Tex. July 15, 2019) (citing *Norsworthy v. Mystik Transp., Inc.*, 430 F. Supp. 2d 631, 633–34 (E.D. Tex. 2006); *Harris v. Black Clawson Co.,* 961 F.2d 547, 549–50 (5th Cir. 1992); *Horihan v. Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1076 (E.D. Tex. 1997)).

This Court recently summarized the analysis for a motion to transfer and held that Section 1404 is intended to grant a district court discretion to decide whether to transfer venue according to "an individualized, case-by-case consideration of convenience and fairness" with the purpose of preventing the waste "of time, energy and money" and "to protect the litigants, witnesses and the public against unnecessary inconvenience and expense." *Va. Innovation Sci.*, 2019 WL 3082314, at *8 (quoting and citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622(1964). The analysis requires an initial determination of whether the case could have been brought in the district to where transfer is sought and then a weighing and balancing of public interest and private interest factors. *Id*. at **8-9; *also see In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

**A. The threshold inquiry establishes that the lawsuit could have initially been brought in the Northern District.**

As explained above, all of the events involving the enactment of the Paid Sick Leave Ordinance occurred at Dallas City Hall in Dallas County, and all of the Defendants reside in Dallas County. Per 28 U.S.C. § 1391, Plaintiffs' action could have been brought in the United States District Court for the Northern District of Texas – Dallas Division. Plaintiffs cannot provide any evidence to support the notion that venue would not be proper in the Northern District.

**B. Private Interest Factors**

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial of a case easy, expeditious, and inexpensive." *Va. Innovation Sci.*, 2019 WL 3082314, at *12 (quoting *Volkswagen II, Inc.*, 545 F.3d at 315).

In considering ease of access to sources of proof, the Court considers the location of documentary and physical evidence, as opposed to witnesses. *Id.*, (citing *In re Volkswagen II*, 545 F.3d at 316). Defendants' documentary evidence is located at Dallas City Hall. Plaintiffs bring a facial challenge, and therefore, they will have no or few relevant documents or physical evidence, especially considering it will not apply to Hagan until 2021. If the State's involvement is considered, to the extent it has any relevant documents or physical evidence, presumably its documents and evidence are located in Austin. This factor weighs in favor of a transfer.

As to the availability of compulsory process to secure the attendance of witnesses, this Court has observed that a Texas district court may enforce a subpoena issued to any nonparty witness in the State of Texas to appear at trial, provided the party does not incur substantial expense, and a court may enforce any subpoena for a deposition to be taken within its boundaries,

provided that the deposition is taken no more than 100 miles from a location where the person resides, is employed, or regularly transacts business in person. *Va. Innovation Sci.*, 2019 WL 3082314, at*15 (citing FED. R. CIV. P. 45). The focus is on witnesses for whom compulsory process to attend trial might be necessary, not party witnesses. *Id*. (citing *Ingeniador, LLC v. Adobe Sys. Inc*., No. 2:12-cv-805, 2014 WL 105106, *2 (E.D. Tex. Jan. 10, 2014)).

Again, since this action was brought as a facial challenge, the testimony of anyone, let alone anyone other than party witnesses, will be of little assistance to any court in resolving the case. Both the Northern and Eastern District Courts would be able to compel attendance of the most likely witnesses, and this factor is neutral.

As to the cost of willing witnesses, the factor relates to additional travel time, meals, lodging expenses, and the time in which these fact witnesses must be away from their regular employment. *Id*. at *19 (quoting *Volkswagen II*, 545 F.3d at 317). The factor considers both party and non-party witnesses, but greater weight is given to non-party witnesses. *Id*. A brief summary of the relative distances is necessary.

The distance from ESI's headquarters to the Northern District's courthouse is approximately 32 miles and to the Eastern District's courthouse is approximately 43 miles.[5] The distance from Hagan's headquarters to the Northern District's courthouse is approximately 28 miles and to the Eastern District's courthouse is approximately 41 miles. The distance from Dallas City Hall to the Northern District's courthouse is approximately .3 miles and to the Eastern District's courthouse is approximately 70 miles. The one employee that Hagan has alleged that has been impacted resides in the City of Dallas, but the address was not identified. If his or her

---

[5] All referenced distances are based on web-based distance and driving directions between the two listed locations. Defendants request that the Court take judicial notice of the approximate distances.

testimony became relevant, presumably the Northern District's courthouse is closer. The Northern District is more convenient for all parties.

While convenience of the parties' counsel is usually given little, if any weight, here it supports transfer. Obviously, the Northern District is more convenient for Defendants' counsel. Plaintiffs' counsel is officed in Austin and, if considered, the Texas Attorney General is based in Austin. If Plaintiffs' or the State's counsel fly to either DFW or Love Field, they will need to add another forty to fifty miles of travel.[6] Again, the Northern District is more convenient for counsel of all of the parties. This factor supports transfer.

As to the final private interest factor of other matters that would make a trial of a case easy, expeditious, and inexpensive, the proximity of the parties, their attorneys, their witnesses, and their documents all predominate in favor of the Northern District and support the transfer.

C. **Public Interest Factors**

The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of law or in the application of foreign law." *Va. Innovation Sci.*, 2019 WL 3082314, at *31 (quoting *Volkswagen II, Inc.*, 545 F.3d at 315).

For the first factor, there is not a significant difference between the median disposition times in the Eastern District and the Northern District. The latest statistics ending December 31, 2018 from the Administrative Office of the U.S. Courts slightly favor the Eastern District, but the statistics at the end of June 30, 2018 slightly favor the Northern District. *See* Admin. Office of the

---

[6] The distance from Love Field to the Northern District's courthouse is approximately 8 miles and to the Eastern District's courthouse is approximately 65 miles. The distance from DFW to the Northern District's courthouse is approximately 20 miles and to the Eastern District's courthouse is approximately 66 miles. The additional driving distance from Austin is similar.

8

U.S. Courts, Table C-5—U.S. District Courts–Civil Statistical Tables For The Federal Judiciary (December 31, 2018) and (June 30, 2018) https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2018/12/31; https://www.uscourts.gov/statistics/table/c-5/statistical-tables-federal-judiciary/2018/06/30. In 2016, the statistic slightly favored the Eastern District. *See Degan,* 2017 WL 2215776, at *4. The first factor is neutral. *Id*.

The second consideration concerning local interest favors the Northern District. The City of Dallas is primarily located in Dallas County. Its elected representatives, officials, and employees primarily work in Dallas County. The Paid Sick Leave Ordinance was enacted in Dallas County. Its effect and any declaratory or injunctive relief related to it will primarily impact employees and employers in Dallas County. Plaintiffs do not allege that the impacted employees work within the Collin or Denton County portions of the City's boundaries. By comparison, in *Degan*, the plaintiffs were certain retired City of Dallas police officers and firefighters who brought suit against their state-created pension board. While not referenced in the opinion, the plaintiffs alleged that the pension's actions affected members of the pension within the City and the municipal boundaries reached into Denton and Collin Counties.[7] The Court concluded that local interest factor "favors transfer because Dallas police and firefighters work in and serve Dallas and the System is headquartered in Dallas." *Id*. at *4. As in *Degan*, the local interest factor favors transfer to the Northern District.

As part of the local interest analysis, the Court should examine Plaintiffs' specific challenges to the Ordinance. Their claims of violations of their federal rights of association and equal treatment are based on the Ordinance language concerning unionized employers. (ECF No. 1 at 13-14). As explained in the response to Plaintiffs' motion for preliminary injunction, it is

---

[7] *See* Plaintiffs' Verified Original Complaint and Application for Preliminary Injunction, 2017 WL 393560 (E.D. Tex. Jan. 30, 2017)

questionable Plaintiffs have standing to assert their employees' rights and the necessity for the provision was dictated by federal law and is a rational basis for the difference in treatment. The last challenge relates to a claim of potential illegal searches and seizures. (ECF No. 1 at 14-15). It is questionable such a claim can survive serious Rule 12(b) review because of its speculative, contingent nature. But regardless of whether there is any merit to the challenges, only a portion of the Ordinance would ever be found improper under those challenges. The remainder of the Ordinance would remain in force unless the Court exercised its supplemental jurisdiction to determine the validity of a Texas municipality's ordinance under Texas law. Defendants urge that the public interest favors that the Court decline to exercise supplemental jurisdiction and let local state preemption arguments be urged in a Texas state court, which necessarily would be in Dallas County. Because the predominant challenge is a state law claim and state law specifies the state's policy that such actions should be brought in Dallas County, this Court should conclude that the local interests weigh heavily in favor of the Northern District.

Defendants are unaware of any basis by which to assert any difference in the districts as to familiarity with the governing law, conflicts of law, or application of foreign law. These factors are neutral. However, in total, because of the dominance of the local interest, the public interest consideration significantly supports the transfer to the Northern District.

## IV.   Conclusion and Prayer

This action could have been and should have been brought in the Northern District. The private and public factors weigh heavily in favor of the Northern District, and Defendants request that the case be transferred. Wherefore, Defendants respectfully request the Court to enter an order transferring this case to the United States District Court for the Northern District of Texas – Dallas Division, and for such other relief to which they are entitled.

Respectfully submitted,

CHRISTOPHER J. CASO
Interim City Attorney

*/s/ Kathleen M. Fones*
Texas Bar No. 24050611
kathleen.fones@dallascityhall.com
Senior Assistant City Attorney

Charles S. Estee
Texas Bar No. 06673600
charles.estee@dallascityhall.com
Senior Assistant City Attorney

Stacy Jordan Rodriguez
Texas Bar No. 11016750
stacy.rodriguez@dallascityhall.com
Executive Assistant City Attorney

Dallas City Attorney's Office
1500 Marilla Street, Room 7DN
Dallas, Texas 75201
214-670-3519 / fax 214-670-0622

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Defendants have complied with the meet and confer requirement in local Rule CV-7(h), and the motion is opposed. On August 12, 2019, Charles Estee, my co-counsel in this matter, conferred by telephone with Robert Henneke, counsel for ESI/Employee Solutions, LP and Hagan Law LLC, and he was opposed to the relief requested in the motion. On the same day, Mr. Estee attempted to reach Anna Mackin, counsel for the State, by telephone but was unable to reach her and left a voice message explaining that he was seeking to confer on a motion to transfer venue. He then forwarded an email to her also advising her of the reason for his call. The following day, he received an email from her stating the State also opposes the motion.

s/ *Kathleen M. Fones*
Kathleen M. Fones

**CERTIFICATE OF SERVICE**

I certify that on August 13, 2019, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Eastern District of Texas using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means. In addition, the foregoing was served by email upon Anna Mackin (anna.mackin@oag.texas.gov) as counsel for the State of Texas.

s/ *Kathleen M. Fones*
Kathleen M. Fones