**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ESI/EMPLOYEE SOLUTIONS, LP; HAGAN LAW GROUP LLC; and STATE OF TEXAS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-00570-ALM |
| CITY OF DALLAS; T.C. BROADNAX, in his official capacity as City Manager of the City of Dallas; and BEVERLY DAVIS, in her official capacity as Director of the City of Dallas Office of Equity and Human Rights, | § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF
TIME TO RESPOND TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants City of Dallas (the "City"); T.C. Broadnax, in his official capacity as City Manager of the City of Dallas; and Beverly Davis, in her official capacity as Director of the City of Dallas Office of Equity and Human Rights (together, "Defendants") respectfully file this unopposed motion for an extension of time up to and including Monday, September 30, 2019, for Defendants to move, answer, or otherwise respond to Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint").  Plaintiffs do not oppose this request. Defendants seek this extension in good faith and not for delay.  In support of this request, Defendants show as follows:

1.      As explained below, the parties disagree as to Defendants' current deadline to move, answer or otherwise respond to Plaintiffs' Amended Complaint.  Defendants contend it is

1

September 30, 2019.  Plaintiffs believe it is Friday, August 23, 2019.  Plaintiffs do not oppose an extension to respond by the due date urged by Defendants.  The extension is sought to remove any confusion of the deadline.

2.      On July 30, 2019, Plaintiffs ESI/Employee Solutions, LP and Hagan Law Group ("Employer Plaintiffs") filed their Verified Complaint for Declaratory and Injunctive Relief ("Initial Complaint") in this action.  On the same day, they emailed a copy of the Initial Complaint, along with a form for waiver of service under Rule 4(d) of the Federal Rules of Civil Procedure, to Christopher Caso, the Interim City Attorney for the City.  The Rule provides that a defendant be given a reasonable time of at least 30 days to return the waiver, and if executed, the defendant's response is not due until 60 days after the waiver request was sent.

3.      On August 1, 2019, Defendants' counsel emailed Employer Plaintiffs' counsel to state that Defendants agreed to waive service.  On August 2, 2019, Defendants' counsel further explained that she was not yet able to send the waivers because she was waiting for the clerk to process her application for membership in the Eastern District of Texas bar, which counsel understood should be completed by Monday, August 5, 2019, at the latest.

4.      Nevertheless, Employer Plaintiffs served the initial complaint on Defendants on the afternoon of Friday, August 2, 2019, three days after sending the request for waiver to Defendants' counsel.

5.      Around the same time or shortly after the initial complaint was being served on Defendants, counsel for Defendants emailed the executed waivers to Employer Plaintiffs' counsel. Employer Plaintiffs' counsel stated that the waivers were moot and could not be filed with the Court, but agreed not to oppose a request to extend Defendants' deadline to move, answer or otherwise respond to 60 days after the date the Initial Complaint was filed.

2

6.      On Tuesday, August 6, 2019, the Amended Complaint was filed in this action, adding the State of Texas as a plaintiff.

7.      The City now moves the Court to extend the deadline for Defendants to move, answer, or otherwise respond to the Amended Complaint to Monday, September 30, 2019, which is 60 days after the Initial Complaint was filed.  Defendants make this request due to their competing professional obligations during this limited time and because Defendants maintain this is the proper deadline.  Plaintiffs are unopposed to the extended deadline.

8.      There is no trial setting in this case and the requested extension will not affect other deadlines.

9.      A district court may, for good cause, extend the time by when an act must be done if the request is made before the original time or the extension expires.  *See* Fed. R. Civ. P. 6(b)(1)(A).   The City's request for extension is supported by good cause.

10.     Accordingly, the City respectfully requests this Court to approve extending the deadline for the City to move, answer, or otherwise respond to Plaintiffs' Amended Complaint until September 30, 2019.

Respectfully submitted,

CHRISTOPHER J. CASO
Interim City Attorney

*/s/ Kathleen M. Fones*
Texas Bar No. 24050611
kathleen.fones@dallascityhall.com
Senior Assistant City Attorney

Charles S. Estee
Texas Bar No. 06673600
charles.estee@dallascityhall.com
Senior Assistant City Attorney

Stacy Jordan Rodriguez
Texas Bar No. 11016750
stacy.rodriguez@dallascityhall.com
Executive Assistant City Attorney

Dallas City Attorney's Office
1500 Marilla Street, Room 7DN
Dallas, Texas  75201
214-670-3519 / fax 214-670-0622

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF CONFERENCE

I certify that on August 5, 2019 and August 12, 2019, I conferred with Plaintiffs' counsel by email respecting the relief requested by Defendants in this motion.  On August 6, 2019 and August 12, 2019, Plaintiffs' counsel represented by email that they were not opposed to the motion.

s/ *Kathleen M. Fones*
Kathleen M. Fones

## CERTIFICATE OF SERVICE

I certify that on August 13, 2019, I electronically filed the foregoing document with the clerk of court for the United States District Court for the Eastern District of Texas using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to all counsel of record who have consented in writing to accept this Notice as service of this document by electronic means.  In addition, the foregoing was served by email upon Anna Mackin (anna.mackin@oag.texas.gov) as counsel for the State of Texas.

s/ *Kathleen M. Fones*
Kathleen M. Fones