# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ESI/EMPLOYEE SOLUTIONS, L.P., HAGAN LAW GROUP L.L.C, and STATE OF TEXAS <br><br> v. <br><br> CITY OF DALLAS; T.C. BROADNAX, in his official capacity as City Manager of the City of Dallas; and BEVERLY DAVIS in her official capacity as Director of the City of Dallas Office of Equity and Human Rights | § § § § § § § § § § § CIVIL ACTION NO. 4:19-cv-570-SDJ |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants City of Dallas, T.C. Broadnax, and Beverly Davis's (collectively "the City") Motion to Transfer Venue. (Dkt. #10). The Motion requests that the Court transfer this case to the Northern District of Texas—Dallas Division. The Plaintiffs, ESI/Employee Solutions, L.P. ("ESI"), Hagan Law Group, L.L.C. ("Hagan"), and the State of Texas, filed a Response in Opposition to the Motion (Dkt. #27), to which the City filed a Reply (Dkt. #31). After a hearing on the matter on October 8, 2019, the parties filed supplemental briefing. (Dkt. #45–46). The Court, having considered the Motion, responses, record, and applicable law, **DENIES** the Motion. The Court further **DENIES as moot** the City's Supplemental Motion to Change Venue. (Dkt. #45).

### I. Background

This case arises from the enactment of a municipal ordinance ("the Ordinance") by the City of Dallas on April 24, 2019, that requires certain employers to provide paid sick leave to employees working within Dallas. (Dkt. #1); Dall. City Code § 20-4(a). The Ordinance, which became effective for "medium or large employers" on August 1, 2019, and will become effective for "small

1

employers" on August 1, 2021, requires employers to grant one hour of paid sick leave for every thirty hours worked by an employee within Dallas, regardless of the employer's location.[1] *Id.* § 20-4(a)–(b). The Ordinance caps the amount of paid sick leave for each employee working in Dallas at sixty-four hours per year for medium or large employers and forty-eight hours per year for small employers, although employees with a collective bargaining agreement may bargain to modify the yearly cap. *Id.* § 20-4(c)(1)–(2), (e). The Ordinance also includes administrative and reporting requirements for employers related to the sick-leave time. *Id.* § 20-7. Failure to comply with the Ordinance will result in a fine. *Id.* § 20-11(a).

The Plaintiffs include the State of Texas and two Collin County-headquartered employers with employees who perform work in Dallas. The Plaintiffs claim that the Ordinance is preempted by state law and, therefore, violates the Texas Constitution. (Dkt. #1). The employer-plaintiffs also claim that the Ordinance violates their constitutional rights to freedom of association, freedom from unreasonable searches and seizures, and equal protection under the law. (Dkt. #1).

The City has filed a Motion to Transfer Venue. (Dkt. #10). In its Motion and at the venue hearing, the City contested venue in the Eastern District of Texas as improper. *See* (Dkt. #10 at 2–4) (stating in a section titled "Plaintiffs Failed to Allege Proper Venue" that "allegations for venue are unsupported and unsustainable"); (Dkt. #31 at 1) (arguing in a section titled "Plaintiffs Failed to Allege Proper Venue" that venue is improper under 28 U.S.C. § 1391(b)(2)). The City also made an alternative argument for a convenience transfer under 28 U.S.C. § 1404(a). In its supplemental briefing, however, the City has affirmatively abandoned its improper venue arguments and asks only for a § 1404(a) convenience transfer to the Northern District of Texas—Dallas Division.

---

[1] The Ordinance defines a "medium or large employer" as "an employer with more than 15 employees at any time in the preceding 12 months, excluding the employer's family members." Dall. City Code § 20-2(8). A "small employer" is "any employer that is not a medium or large employer." *Id.* at § 20-2(11).

(Dkt. #45). Accordingly, the Court will address only the issue of whether a § 1404(a) convenience transfer is merited.

## II. Legal Standards

Venue statutes "are drawn with necessary generality and usually give a plaintiff a choice of courts, so that he may be quite sure of some place in which to pursue his remedy." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). Although "a plaintiff has the privilege of filing his claims in any judicial division appropriate[,] . . . § 1404(a) tempers the effects of the exercise of this privilege" by allowing courts to transfer a case that subjects the defendant to a venue that is inconvenient under its terms. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) (en banc) [hereinafter *Volkswagen II*]. A court has "broad discretion in deciding whether to order a transfer." *Id.* at 311.

Section 1404(a) states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).[2] Under § 1404(a), the moving party must first establish that the case might have been brought in the prospective transferee district. *See Volkswagen II*, 545 F.3d at 312. A case "might have been brought" in a district if venue is proper there. *See id.* (citing 28 U.S.C. § 1391). Venue is determined under the general venue statute where the cause of action alleged in a case does not implicate a special venue statute. *Id.* Under the general venue statute, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[2] The Plaintiffs have made waiver arguments related to the City's improper venue claim. (Dkt. #46 at 1–3). Those arguments are inapplicable to the City's § 1404(a) argument. A party requesting a convenience transfer may do so even after filing other motions because § 1404(a) is not a defense that will be waived if not "raised by pre-answer motion or other responsive pleading." *Allen v. U.S. Dep't of Homeland Sec.*, 514 Fed. App'x 421, 422 n.5 (5th Cir. 2013) (quoting 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3829 (4th ed.)) (internal quotations omitted).

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

After establishing proper venue in the prospective transferee district, the moving party must "clearly demonstrate" that transfer would be convenient for the parties and witnesses. *See Volkswagen II*, 545 F.3d at 312, 315. Convenience is "clearly demonstrate[d]" when the movant overcomes a "significant burden . . . to show good cause for the transfer." *Id.* at 314 n.10. As the Fifth Circuit has explained, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id*. at 315.

The convenience analysis turns on the application of private and public interest factors set forth in *Gilbert*. *Id.* The private interest factors are:

(1) the relative ease of access to sources of proof;
(2) the availability of compulsory process to secure the attendance of witnesses;
(3) the cost of attendance for willing witnesses; and
(4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* (internal quotations omitted). The public interest factors are:

(1) the administrative difficulties flowing from court congestion;
(2) the local interest in having localized interests decided at home;
(3) the familiarity of the forum with the law that will govern the case; and
(4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign laws.

*Id.* Although these factors are instructive, they are neither exhaustive nor dispositive. *See id.* (citing *Action Indus., Inc. v. U.S. Fid & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

## III. Discussion

*A. Proper Venue in the Proposed Transferee District*

The parties do not dispute that venue would be proper in the Northern District of Texas—Dallas Division, the proposed transferee district. The Court agrees. Under the general venue statute, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). All defendants are residents of Texas and the City of Dallas is located in Dallas County, which is part of the Northern District of Texas. Accordingly, and at a minimum, venue is proper in the Northern District of Texas under § 1391(b)(1). Therefore, the preliminary question of whether the case could have been brought in the proposed transferee district is satisfied.

*B. Interest Factors*

The City concedes that five of the eight private and public interest factors set forth in *Gilbert* do not support a § 1404(a) convenience transfer from the Eastern District to the Northern District. Specifically, the City does not dispute the availability of compulsory process to secure witnesses in either district, nor does it identify any practical problems related to trial. The City also concedes that cases resolve in similar time frames in both the Northern and Eastern Districts of Texas, that both districts are equally familiar with the applicable law, and that this case poses no conflict of law concerns. (Dkt. #10).

The City's argument for a convenience transfer therefore turns on three interest factors: ease of access to proof; the cost of appearance of willing witnesses; and the local interest in having localized interests decided at home. Only one of these factors, the local interest in having localized interests decided at home, weighs somewhat in favor of transfer.

1. Ease of Access to Proof

The private interest factor concerning the relative ease of access to proof is focused on the location of documentary and physical evidence. *See Volkswagen II*, 545 F.3d at 316. Although some documents and other evidence can be easily transmitted electronically, the law is clear that ease of access to proof remains a factor that must be considered when evaluating a case for transfer under § 1404(a). *Id.* When analyzing this factor, courts should consider the "relative ease" of access to sources of proof even when the overall inconvenience is slight. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (emphasis omitted).

This case involves a facial challenge to the constitutionality of the Ordinance. As such, the parties agree that the subject matter lends itself to having little evidence to present and point to no physical evidence that may be required to resolve the case. (Dkt. #10 at 6; #27 at 7). They disagree, however, about where the small amount of documentary evidence is located. Plaintiffs claim that the evidence is at their Collin County headquarters, in the Eastern District of Texas, where the Ordinance imposes an administrative burden on their businesses. (Dkt. #27 at 7). The City claims that the relevant evidence is at City Hall, in the Northern District of Texas, or possibly in Austin, Texas. (Dkt. #10 at 6).

The parties will need to access evidence in both Collin and Dallas Counties at different stages of the litigation, and no one location predominates over the other. Therefore, because the burden on any party to access sources of proof in this case is negligible and because the sources of proof are located in both the transferor and proposed transferee districts, this factor is neutral.

2. Cost of Appearance of Willing Witnesses

Similarly, there is negligible cost or inconvenience for willing witnesses to appear in either the Northern or Eastern Districts of Texas. Courts look to the distance between witnesses and

venue to determine the degree of inconvenience each district poses. *Volkswagen II,* 545 F.3d at 317; *In re Radmax*, 720 F.3d at 288–89. Where witnesses must travel more than 100 miles, the "inconvenience . . . increases in direct relationship to the additional distance." *Volkswagen II*, 545 F.3d at 317. Although a court should consider the cost of appearance of all willing witnesses, when the witness is a party, the inconvenience is accorded less weight. *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620636, at *5 (E.D. Tex. May 22, 2018). To undertake a convenience analysis, however, a court must have some information about the witnesses to consider. *See Trustmark Nat'l Bank v. First NBC Bank*, No. 3:13CV00185-DPK-FKB, 2013 WL 5278238, at *3 (S.D. Miss. Sept. 18, 2013) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981)).

The City does not name any specific non-party witnesses that will testify and admits in its Motion that the testimony of anyone other than party witnesses is unlikely to assist the Court in resolving the case. (Dkt. #10 at 7). The Motion suggests that any witness who might testify would be located at City Hall in Dallas County. (Dkt. #45 at 7, #10 at 7). The distance between Dallas City Hall and the Plano Courthouse is twenty-three miles.[3]

Likewise, the Plaintiffs do not identify any specific non-party witnesses. They instead agree with the City's admission that anyone other than party witnesses are unlikely to be helpful in resolving the case. Any party witnesses would presumably come from ESI's and Hagan's headquarters, which are thirty-two and twenty-eight miles from the Earle Cabell Courthouse in Dallas, respectively. (Dkt. #10 at 7). The distance from ESI's and Hagan's headquarters to the Plano Courthouse, on the other hand, is five and seven miles, respectively.

---

[3] All distances in this Order have been calculated using the addresses provided and internet-based driving directions. The Court takes judicial notice of the distances between each location.

Given the distances to be traveled by potential witnesses, neither venue would be inconvenient for any witness. And, because the parties have not identified any non-party witnesses for purposes of the § 1404(a) analysis, the Court can only analyze the inconvenience to the parties, which is accorded little weight. Of the hypothetical or party witnesses, any distance that either might have to travel is negligible. Further, the City has made no attempt to identify specific witnesses and provide information concerning the importance of their testimony. This is insufficient to support transfer. *See* 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3851 (4th ed.) ("If the moving party merely has made a general allegation that necessary witnesses are located in a transferee forum, without identifying them and providing sufficient information to permit the district court to determine what and how important their testimony will be, the motion to transfer should be denied.")).

Finally, transferring the case to the Northern District of Texas because it is closer to the City would only serve to shift any small amount of inconvenience to the Plaintiffs. Courts generally do not transfer cases "where the only practical effect is a shifting of inconveniences." *Salem Radio Representatives, Inc. v. Can Tel Mkt. Support Grp.*, 114 F. Supp. 2d 553, 558 (N.D. Tex. 2000). This factor, therefore, also does not support a convenience transfer.

3. Local Interest in Having Localized Interests Decided at Home

Both parties claim the dominant local interest. This factor has dual considerations: a court may look to whether the local community has an interest in the outcome of the issue before it and whether it would be fair to burden that community with jury duty. *See In re Volkswagen AG*, 371 F.3d 201, 205–06 (5th Cir. 2004) (per curiam).

The Northern District of Texas has a substantial interest in the resolution of this challenge to the enforceability of the Ordinance because, as the City notes, a majority of the people impacted

by the Ordinance are in Dallas County. The Northern District also has a local interest because the Ordinance, a product of deliberation and vote by elected officials at public meetings, reflects the "public will" of Dallas residents.

However, the Eastern District of Texas also has a local interest in determining the enforceability of the Ordinance. To the extent that the City of Dallas is within the Eastern District, the Eastern District has a local interest that is identical to that of the Northern District. In this regard, as the parties have acknowledged, it is undisputed that Dallas's city limits extend into Collin and Denton Counties, both of which are in the Eastern District of Texas. Further, the Eastern District also has an interest in the Ordinance's regulation of businesses in the Eastern District that are outside the Dallas city limits, but whose employees work in Dallas. Significantly, many of the people affected by the Ordinance in the Eastern District of Texas are not constituents of any elected official that voted to enact the Ordinance.

In addition, the State of Texas is a plaintiff in the case. The State asserts that the Ordinance regulates private employer wages in a manner preempted by the Texas Minimum Wage Act, in violation of the Texas Constitution. (Dkt. #9). The State's involvement in the case also suggests interests in the enforceability of the Ordinance extending beyond the Northern District.

In sum, the local interest factor weighs somewhat in favor of transfer because the Northern District has a stronger local interest in the enforceability of the Ordinance than does the Eastern District.

*C. Weight of the Interest Factors*

A § 1404(a) convenience transfer is appropriate only where the movant has overcome a "significant burden" to show good cause for the transfer. *Volkswagen II*, 545 F.3d at 314 n.10. When the proposed transferee venue is not "clearly more convenient" than the plaintiff's chosen

venue, "the plaintiff's choice should be respected." *Id*. at 315.

Here, of the eight factors used to analyze convenience, only one—the local interest in having localized interests decided at home—weighs somewhat in favor of transferring the case to the Northern District of Texas. All other factors are neutral. Thus, the total weight of the factors in this case only slightly favors transfer. Courts have declined to transfer cases on a similar showing of convenience in the proposed transferee district. *See, e.g.*, *Luke v. Transwood Logistics*, 18 F. Supp. 3d. 806, 809–10 (S.D. Miss. 2014) (denying transfer where one factor weighed slightly in favor of transfer with all others neutral); *Doe v. Kanakuk Ministries*, No. 3:11-CV-0524-G, 2012 WL 715980, at *3–4 (N.D. Tex. Mar. 5, 2012) (denying transfer where two factors weighed in favor of transfer, one weighed weakly against, and all others were neutral). The City, therefore, has not met its "significant burden" to show that the Northern District of Texas—Dallas Division is "clearly more convenient" than the Eastern District of Texas.

### IV. Conclusion

For the reasons stated above, the Court **DENIES** the Defendants' Motion to Transfer Venue. (Dkt. #10). The Court also **DENIES as moot** Defendants' Supplemental Motion to Change Venue. (Dkt. #45).

**So ORDERED and SIGNED this 31st day of October, 2019.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE